IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. FRITZ, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 19-347-E ) |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 28th day of September, 2020, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the

claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]   Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) failing to consider properly Plaintiff's medical records in determining his residual functional capacity ("RFC"); and (2) substituting his own opinion for that of a treating physician and failing to provide reasons for discounting the opinions and evidence of Plaintiff's treating physicians. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

Plaintiff first argues that the ALJ failed to address fully various medical records in determining his RFC. More specifically, Plaintiff contends that his frequent seizures and mental health impairments would cause him to be absent more than eight days per year or off-task more than 15% of the workday, making it impossible for him to maintain employment. The Court notes at the outset that a claimant's RFC is the most that that individual can do despite his or her limitations. See 20 C.F.R. §§ 404.1545(a), 416.945(a). In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations. See 20 C.F.R. §§ 404.1527, 404.1529, 404.1545, 416.927, 416.929, 416.945. However, the ALJ is not required to make reference to every relevant treatment note in his or her analysis, as long as the Court can discern the basis for the ALJ's decision. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001).

Here, upon close review of the record and the ALJ's decision, the Court cannot find that the ALJ failed to address sufficiently Plaintiff's medical records. Although the record does not contain a great deal of evidence concerning both Plaintiff's allegedly disabling seizures and his mental health impairments, the Court finds that the ALJ adequately considered such evidence in his analysis. With regard to Plaintiff's seizures, the medical records simply do not show that they are of such frequency that they would prevent him from maintaining employment. In his decision, the ALJ summarized Plaintiff's testimony regarding his history of seizures that have worsened over time, as well as his descriptions of the frequency and after-effects of such seizures. (R. 19). The ALJ also described various references in the medical records to Plaintiff's seizures, including his normal EEG results. (R. 19-20). In the end, however, the ALJ accounted for Plaintiff's seizures by limiting him to no exposure to workplace hazards such as unprotected machinery and unprotected heights, which is consistent with the limitations suggested by the Department of Corrections, and which is no less strict than that recommended by other medical sources. (R. 19, 22).

Plaintiff also argues that the ALJ did not sufficiently consider the evidence of Plaintiff's mental health impairments, which he alleges would likewise impact his attendance at work. The Court notes that, although Plaintiff states that his severe anxiety/panic, agoraphobia and PTSD would prevent him from maintaining employment, he does not point to specific evidence demonstrating limitations that the ALJ allegedly ignored. Moreover, upon review of the record, the Court finds that the medical evidence simply does not establish that his mental impairments

would prevent him from performing work within the confines of his RFC. In his analysis, the ALJ noted Plaintiff's testimony regarding his symptoms, but he also reviewed Plaintiff's activities of daily living which include caring for his children. Additionally, the ALJ discussed the treatment records of various medical providers, which indicate mental impairments but do not demonstrate that Plaintiff is unable to perform work within his RFC. Although Plaintiff further objects to the ALJ's commentary regarding Plaintiff's failure to comply with treatment as reflecting negatively on his credibility, the Court notes that the ALJ relied on more than Plaintiff's noncompliance to determine that his statements concerning his symptoms are not entirely consistent with the evidence of record, as he also considered Plaintiff's testimony, his activities of daily living, and the medical and other evidence of record in his analysis.

Thus, the Court finds that the ALJ adequately addressed the relevant medical evidence regarding Plaintiff's seizures and his mental impairments, and he came to a well-reasoned conclusion as to Plaintiff's limitations. The Court cannot now choose to re-weigh the evidence simply because Plaintiff does not agree with the ALJ's conclusions. See Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990). Accordingly, Plaintiff's first claim lacks merit.

Second, the Court finds no merit in Plaintiff's contention that the ALJ erred by substituting his own opinion for that of a medical care provider or by failing to provide reasons for discounting the opinions and evidence of Plaintiff's medical care providers. It is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). Moreover, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). Thus, a treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli, 247 F.3d at 43 (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007).

Here, Plaintiff claims that the ALJ did not properly consider an opinion by one of Plaintiff's medical providers. Plaintiff does not specify, however, what opinion's treatment he objects to, other than referring to GAF scores assigned to him by Humberto Dorta, M.D. The Court notes, however, that the Commissioner has taken the position that GAF scores do not directly correlate to the severity requirements of the mental disorder listings and are never dispositive in the disability determination. See 65 Fed. Reg. 50746-01, 50764-65, 2000 WL 1173632 (Aug. 21, 2000); Gilroy v. Astrue, 351 Fed. Appx. 714, 715 (3d Cir. 2009). Moreover, where a physician "has not 'clearly explain[ed]' the reasons for his GAF score, the SSA has found that the GAF score does not provide a 'reliable longitudinal picture' of a claimant's mental functioning." Lee v. Colvin, No. 11-4641, 2014 WL 2586935, at *6, n.3 (E.D. Pa. June 10, 2014). Thus, an ALJ should not "give controlling weight to a GAF from a treating source unless

it is well supported and not inconsistent with other evidence." Brown v. Colvin, 193 F. Supp. 3d 460, 465 (E.D. Pa. 2016) (internal quotation omitted).

Although Plaintiff argues that the ALJ erred in substituting his opinion for that of a treating provider, the Court finds that—to the extent Plaintiff is referring to Dr. Dorta's GAF as his opinion—the ALJ did not fail to provide sufficient reasons for discounting those scores, nor did he substitute his own lay analysis for the judgment of Dr. Dorta in formulating Plaintiff's RFC.  Rather, the ALJ fulfilled his duty as fact-finder to evaluate Dr. Dorta's GAF scores, considering a number of factors, and in light of all the evidence presented in the record.  See 20 C.F.R. §§ 404.1527, 416.927.  Thus, the ALJ specified that he was giving Dr. Dorta's GAF scores little weight in conjunction with his discussion of Plaintiff's testimony and subjective complaints, his treatment and examination records and activities of daily living, and while also weighing other opinion evidence in the record.  (R. 17-24).  The ALJ ultimately found that Dr. Dorta's GAF scores should be given little weight because they are inconsistent with Plaintiff's presentation at his evaluation and with Dr. Dorta's own more detailed assessment.  (R. 22).

Further, although Plaintiff also asserts that the ALJ failed to provide reasons for discounting the opinions and evidence of Plaintiff's medical care providers, the Court disagrees.  It is notable that Plaintiff appears to be equating treatment records (some of which include GAF scores) with medical opinions, but regardless of how the evidence is characterized, the Court finds that the ALJ provided sufficient reasons for giving the various GAF scores the weight that he did in his analysis, while also providing a detailed summary of the relevant medical evidence that did not necessarily contain medical opinions.  For example, the ALJ explained that Dr. Dorta assessed Plaintiff with a GAF score of 30-40 during an appointment, but he explained that he was giving those scores little weight because "they are inconsistent with the claimant's presentation at the evaluation and Dr. Dorta's assessment."  (R. 22).  In fact, the treatment records from that appointment indicate that Dr. Dorta found Plaintiff to have cooperative behavior, fair eye contact, normal motor activity and movements, normal speech rate, rhythm, volume and spontaneity, clear articulation, coherent and organized thought process, no ideas of reference, paranoia, grandiosity, persecutory delusions, suicidal thoughts or homicidal thoughts, fair insight, judgment and impulse control, intact memory, and orientation to person, place and time.  (R. 290-93).  Moreover, the only abnormal findings Dr. Dorta noted were an anxious tearful affect.  (R. 291).   The ALJ therefore remarked that a GAF of 31-40 "indicates impairment in reality testing or major impairment in several areas.  Yet [Dr. Dorta] found [Plaintiff's] presentation to be primarily normal with no more than mild abnormalities."  (R. 21).

The ALJ also discussed why he gave little weight to the GAF scores by Lee S. Spain, D.O., who evaluated Plaintiff for pharmacologic management.  (R. 22, 351-53).  The ALJ noted that Dr. Spain's findings were nearly the same as Dr. Dorta's findings, yet his GAF scores of 50-60 are 20 points higher.  (R. 22, 352).  The ALJ explained that "GAF scores are largely subjective to the medical provider.  They are not a good indicator of disability and are no longer used in the current DSM."  (R. 22).  Although Plaintiff asserts that the ALJ erred by "speculating" and "assuming" that Dr. Dorta was thorough in recording his observations of Plaintiff and that Dr. Spain's records tell Plaintiff's entire story, the Court emphasizes that the ALJ was properly performing his fact-finding duty by weighing the evidence.  The Court is also

mindful that an opinion by a treating physician is only entitled to controlling weight if it is well-supported by medical techniques and is not inconsistent with the other substantial evidence in the record, which was not the case here, as the ALJ explained.  See Fargnoli, 247 F.3d at 43.  Additionally, Plaintiff appears to object to the ALJ relying on the treatment records of Dr. Dorta and Dr. Spain more than the records of Abdulkarim Asio, M.D., but the Court notes that the ALJ also discussed the findings of Dr. Asio at great length in his decision, and he made a well-reasoned RFC determination after considering all the evidence of record.  (R. 23, 365-69)

Further, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained" in his decision.  (R. 23).  The ALJ also concluded that Plaintiff's "statements and testimony regarding his symptoms exceed the severity of the observations of his treating physicians as well as his reports made to his treating physicians."  (R. 23-24).  For example, the ALJ noted that Plaintiff complains of a long history of depressive symptoms but has denied a history of mental health treatment or a need for mental health services; he has not been consistent in reporting to his treating physicians regarding his legal history (telling Dr. Dorta that he was incarcerated for sexual assault after attending a party of underage teenagers when he was an adult over the age of 21, but telling Dr. Asio that he was incarcerated for possession and simple assault); and he has given inconsistent testimony regarding the length of time he has gone without sleep.  (R. 24).  Quite simply, the ALJ did not err by "speculating" and by "assuming facts," as Plaintiff alleges.  Rather, the ALJ fulfilled his duty as fact-finder to evaluate the evidence provided, considering a number of factors, and in light of all the evidence presented in the record.  See 20 C.F.R. §§ 404.1527, 416.927.

The Court therefore concludes that the ALJ did not err by substituting his own opinion for that of a treating physician, nor did he fail to provide reasons for discounting the opinions or evidence of Plaintiff's treatment providers.  Although Plaintiff cites to various pieces of evidence supporting his claim, the job of the Court here is to determine whether substantial evidence supports the ALJ's findings.  See 42 U.S.C. § 405(g); Hundley v. Colvin, No. 16-153, 2016 WL 6647913, at *1 (W.D. Pa. Nov. 10, 2016).  Because judicial review of the Commissioner's decision is expressly limited, even if the Court were to decide the case differently upon a *de novo* review, it is not proper for the Court to re-weigh the evidence at this juncture.  See id.; see also Weidow v. Colvin, No. 15-765, 2016 WL 5871164, at *18 (M.D. Pa. Oct. 7, 2016) (noting that if substantial evidence supports the ALJ's finding, it is irrelevant if substantial evidence also supports Plaintiff's claim).

As to any additional arguments mentioned summarily by Plaintiff in his brief, the Court finds that he has failed to establish how the ALJ's failure to consider properly any evidence of record constitutes reversible error.

In sum, the Court finds that the ALJ did not fail to consider properly the medical evidence of record, nor did he err by substituting his own opinion for that of Plaintiff's treating physician or by failing to provide reasoning for discounting the opinions and evidence of Plaintiff's medical care providers.  Accordingly, the Court affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:     Counsel of record